IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CLARIBEL RIVERA-JIMENEZ, et al.<br>**Plaintiff(s)**<br><br>v.<br><br>JOSE A. FUENTES AGOSTINI, et al.<br>**Defendant(s)** | CIVIL NO. 97-2390 (JAG) |

**MEMORANDUM AND ORDER**

Plaintiff Claribel Rivera has requested the Court to take Judicial Notice of Puerto Rico Supreme Court Case, Pueblo v. Esquilin-Maldonado, 152 D.P.R. 257 (2000). (Docket No. 288). For the reasons set forth below, the Court **DENIES** plaintiff's motion.

I. Standard

Judicial notice is an adjudicative device that serves as a substitute to the conventional or formal method of introducing evidence. General Elec. Capital Corp. V. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997). The Federal Rules of Evidence provide that courts may only take judicial notice of facts outside the trial record that are not "subject to reasonable dispute." See Fed. R. Evid. 201(b).[1] Because the effect of judicial notice is to

---

[1] Fed R. Evid. 201(b) states that: "a judicially noticed fact must be one not subject to reasonable dispute in that it is either 1)generally known within the territorial jurisdiction of the trial court or 2)capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Civil No. 97-2390 (JAG)                                              2

deprive a party of the opportunity to use rebuttal evidence, cross examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under the Rule 201(b). See 21 Charles Alan Wright & Kenneth A. Graham Jr., Federal Practice and Procedure §5104 (1977); see also United States v. Hoyts Cinema Corp., 380 F.3d 558, 570 (1st Cir. 2004)("Rule 201 is applied with some stringency, because accepting disputed factual propositions about a case not tested in the crucible of trial is a sharp departure from standard practice.").

II. Plaintiff's Motion to Take Judicial Notice

During trial, Claribel Rivera filed a motion moving the Court to take judicial notice of factual findings made by the Puerto Rico Supreme Court in Pueblo v. Esquilin-Maldonado, *supra*.  In a nutshell, this is a case where the murder charges against the defendant Esquilin were dismissed on due process grounds. The Supreme Court held that Esquilin-Maldonado was placed on a "defenseless state" when the government authorities filed the criminal charges six (6) years after the alleged murder incident. In support of its reasoning, the Court found that the government authorities unreasonably delayed the filing of criminal charges because the evidence presented at the probable cause hearing was available as of March of 1990, three months after the alleged murder incident which occurred on December 30, 1989.

Civil No. 97-2390 (JAG)                                             3

     Plaintiff Rivera argues that the Court should take judicial notice of the factual findings made in the <u>Esquilin</u> case so that the jury becomes aware of the reasons why the case was dismissed.[2] The Court, however, may not take judicial notice of these findings under Rule 201(b) standards, for there is evidence presented during trial that creates a reasonable dispute of the facts to be taken as judicially noticed. Moreover, it has been held that factual findings in one case are not ordinarily admissible, for their truth, in another case through judicial notice. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1114 (9th Cir. 2003); <u>Taylor v. Charter Med. Corp.</u>, 162 F.3d 827, 830 (5th Cir.1998); <u>Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.</u>, 146 F.3d 66, 70 (2d Cir.1998); <u>Gen. Elec. Capital Corp. v. Lease Resolution Corp.</u>,128 F.3d 1074, 1082-83 & n. 6 (7th Cir.1997).

     Esquilin's criminal investigation file contains a memorandum prepared by Lydia Morales which describes the status of the investigation and the documents that were part of the file as of August 1990, when she turned over the file to her supervisors. (Joint Exhibit XLI). This memorandum contradicts the findings made by the Supreme Court in the year 2000, where it was found that certain additional documents were on file as of March 1990 and,

---

[2] Rivera argues that these findings are relevant to her case because they relate to the report she prepared imputing negligence to District Attorney Lydia Morales who handled the incident from December 1989 to August 1990.

Civil No. 97-2390 (JAG)                                                          4

therefore, that Esquilin's criminal charges could have been filed since that date.[3]  Accordingly, the Court may not take judicial notice of these findings given the disputed accuracy of the source: the file and the documents it contained as of the year 1990. See Rule 201(b)(2).  Moreover, there was testimony to the effect that other District Attorneys may have had access to the file, which at one point could not be located.  Therefore, the contents of the file that the Supreme Court of Puerto Rico reviewed in the year 2000 could certainly vary from the contents of the file at the moment when Lydia Ramos turned it in.  In light of the aforementioned uncertainties, the Court finds that the facts found in Esquilin case cannot be taken under Rule 201.

III. Conclusion

In light of the foregoing, the Court denies Rivera's motion.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of May 2005.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

---

[3] Lydia Morales' memorandum only lists certain notes and a letter to Pio Rechani as the documents on file as of August, 1990. The Supreme Court, on the other hand, lists the autopsy report, the ballistics report and the crime scene report as being on file as of March, 1990.